The judgment of the court was pronounced by
Rost, J.
This is a petitory action. The defendant sets up as his title a donation from the United States, based on settlement and cultivation before the change of government, and pleads the prescription of ten, fifteen, and thirty years. There was judgment in his favor, and plaintiff appealed.
The plaintiff had called in warranty his vendor, John Doyle, who appeared and defended the suit. Judgment was rendered against him in favor of the plaintiff, for the value of the land adjudged to belong to the defendant.
The plaintiff claims title under a grant from the Spanish Government made in 1778, and the confirmation of the commissioners of the land office, bearing date the 18th day of May, 1811. There is no dispute about the location of the land ; but the defendant has proved that more than forty years before the institution oí this suit, Robert Burleigh, who was then the owner of it, had it surveyed,, and *595 that the surveyor commenced the survey on the back line and in the yard of John Léger, under whom the defendant claims title; that Léger and his wife remonstrated with Burleigh, who then agreed to adopt the line E F, on the plat in the record, as his back line, and accordingly planted posts at the corners E and F. Burleigh further directed his son to respect that line and not to cut wood outside of it; he told Léger, at the same time, that he would give him the land. The superficial quantity of land in controversy is about twenty-two arpents, which are included between the side lines of the plaintiff, the line E F and the back line, as it should be run according to call of the titles.
Burleigh died without making the donation of the land to Léger. The tract was inventoried as containing eight arpents front by forty in depth, and on the 8th of April, 1822, it was sold with that front and depth at probate sale to Baptiste Castillo, under whom the plaintiff holds by a regular chain of conveyances.
In 1822 Léger had no title to the land which the defendant now possesses; the act of Congress which confirmed the report of the commissioners in favor of his claim, was only passed on the 31st of March, 1826. His title being subsequent in date to that of the plaintiff, the latter must prevail, unless one of the pleas of prescription set up can be maintained.
It is unnecessary to determine what effect the parol agreement between Burleigh and Léger, as to their division line, would have if Burleigh was still the owner of the land. The purchaser, after his death, had no notice of it, and his l-ights cannot, in our opinion, be affected by it. The portion of land in controversy is wood land, the possession of which followed the title of Baptiste Castille, unless it was at the time of the sale in the actual possession of Léger.
Actual possession has not been shown. The occasional cutting of wood upon uncultivated land does not constitute such a possession as can be the basis of the prescription of thirty years. See McCarty v. Fouche, 12 M. R. 11. And there is no evidence in the record to show, since 1826, acts of possession upon which the prescription of ten years under the title derived from the United States can be based.
It is conceded that the defendant is entitled to that portion of the land in controversy enclosed in his yard.
It is therefore ordered, that the judgment in favor of the defendant in this case be reversed, and that the plaintiff recover from the defendant that portion of land marked in the survey with the letters CDEF, -except so much of it as is enclosed and forms part of the yard of the defendant, with costs in both courts. It is further ordered, that the judgment in favor of the plaintiff against the warrantor be reversed, and the call in warranty dismissed.